UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
In re:

THE D&M CAPITAL GROUP, LLC,

                            Debtor.
---------------------------------------------------------------------X
THE D&M CAPITAL GROUP, LLC,

                            Plaintiff,

-against-

ESSEX GLOBAL TRADING, LLC, ALEKS PAUL,
and "JOHN DOES," said names being fictitious and
unknown,

                            Defendants,
-and-

RADWAN DIAMOND & JEWELLERY TRADING,
ULTIMATE DIAMOND CO., S.B. DIAMOND CORP.,
PALAWAN HOLDINGS LIMITED, and
GEMCUT S.A.,

                            Nominal Defendants.
---------------------------------------------------------------------X
ESSEX GLOBAL TRADING, INC.

                            Third-Party Plaintiff,

-against-

MOTY SPECTOR,

                            Third-Party Defendant.

---------------------------------------------------------------------X

Chapter 11

Case No. 19-11711(SCC)

Adv. Pro. No. 19-01300 (SCC)

## ORDER GRANTING PLAINTIFF'S APPLICATION FOR A PRELIMINARY INJUNCTION

This matter is before the Court upon the Plaintiff's application [ECF Nos. 32 & 33] (the "Application") for entry of an order: (a) temporarily, preliminarily, and/or permanently enjoining and restraining the Defendants and all other persons known and unknown, including without limitation Mollard Equities Inc. ("Mollard") and Anna Joukova (the "Restrained Parties"), from transferring, selling, encumbering, or otherwise disposing of certain finished jewelry and gems known as DM2950 (the "Pink Diamond"), JR0280 (the "Yellow Diamond Ring"), JR0182 (the "Ruby Ring"), and JR0182 (the "Kashmire Sapphire Ring" and, with the Pink Diamond, the Yellow Diamond Ring, and the Ruby Ring, the "Four Stones"), and (b) directing the Defendants and the Other Restrained Parties to (i) immediately have the Four Stones placed in transit from their current location(s) to the United States and (ii) deposit them in the vault where the Plaintiff's jewelry pieces known as JE0104 (the "Emerald Earrings") and JP0105 (the "Cross Pendant" and, with the Emerald Earrings and the Four Stones, the "Precious Stones") have been kept pending further order of this Court, and upon the brief that the Plaintiff filed in support of the Application [ECF No. 56]; and the Defendants having submitted the Declaration of Aleks Paul in opposition to the Application (the "Opposition") [ECF No. 42] and a brief in support of the Opposition [ECF No. 57]; and the Court, having held a hearing on September 26, 2019 (the "TRO Hearing") with respect to the branch of the Application requesting a temporary restraining order, and finding that, in accordance with Rule 9014 of the Federal Rules of Bankruptcy Procedure, an evidentiary proceeding was necessary to adjudicate the ownership of the Precious Stones and to address the balance of the Application; and the Court, having entered the temporary restraining order pending the outcome of an evidentiary hearing on the Application, and having held an evidentiary hearing on the Application on December 9, 2019, which hearing continued on December 10, 2019 and

2

concluded on December 12, 2019; and the Court, having admitted certain of the parties' joint exhibits into evidence and having heard the testimony of the Plaintiff's witnesses, Moty Spector and Raphaela Colandrea, and the Defendants' witnesses, Justin Sachmechi, Aleks Paul, and Lawrence Paul; and the Court, having determined that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and that venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY FOUND, DETERMINED, ORDERED, AND ADJUDGED that:**

1. The Application for a preliminary injunction is **GRANTED** to the extent set forth herein and for the reasons set forth in the record of the Court's December 12, 2019 bench decision, a copy of which is annexed hereto as Exhibit "A".

2. The Plaintiff has met its burden of proof to demonstrate (a) its ownership of the Pink Diamond, the Yellow Diamond Ring, the Kashmir Sapphire Ring, the Emerald Earrings, and the Cross Pendant, as well as its possessory interest in the Ruby Ring, and (b)(i) a likelihood of success on the merits of the above-captioned adversary proceeding (the "Adversary Proceeding") and (ii) irreparable harm if the preliminary injunction requested by the Plaintiff is not granted.

3. To maintain the status quo pending judgment or other resolution of the Adversary Proceeding, the Defendants and the Other Restrained Parties are enjoined from transferring, selling, encumbering, or otherwise disposing of any of the Precious Stones, except as otherwise specifically directed in this Order.

4. The Defendants and/or the Other Restrained Parties shall: (a) return the Four Stones to the United States **immediately;** and (b) as soon as possible, **but in no case more than fourteen (14) calendar days from the date of entry of this Order,** deliver the Four Stones to the Plaintiff's counsel, Troutman Sanders LLP, care of Malca-Amit USA, LLC (Malca-Amit), 580 Fifth Avenue,

Lobby One, New York, New York 10036, to be stored by Malca-Amit in a secured vault under the custody and control of the Plaintiff's counsel.

5. As soon as possible, **but in no case more than five (5) business days[1] from the date of entry of this Order,** the Emerald Earrings and the Cross Pendant, which are currently in the possession of counsel for the Defendants, shall be delivered by the Defendants to the Plaintiff's counsel, Troutman Sanders LLP, care of Malca-Amit, 580 Fifth Avenue, Lobby One, New York, New York 10036, to be stored by Malca-Amit in a secured vault under the custody and control of the Plaintiff's counsel.

6. Nothing in this Order shall preclude the Plaintiff from showing prospective purchasers the Precious Stones while in Malca-Amit's vault subject to the following procedures for such viewings: (a) the Plaintiff's counsel shall provide written instructions to Malca-Amit authorizing Malca-Amit to make the Precious Stones available for the exclusive purpose of inspection by a prospective purchaser; (b) the inspection shall occur in Malca-Amit's viewing room, which has closed circuit security cameras, and a Malca-Amit representative must be present at all times; (c) the inspecting party must present a photo ID upon entering the building and again before entering the viewing room; (d) under no circumstances may anyone other than a Malca-Amit representative take or remove the Precious Stones from the viewing room; and (e) following the inspection, Malca-Amit must immediately re-pack the Precious Stones and return them to storage until instructed otherwise.

7. If the Plaintiff determines in its business judgment that a sale or other disposition of any of the Precious Stones is in the best interests of the estate, the Plaintiff shall seek authorization from the Bankruptcy Court to consummate the proposed transaction by filing a

---

[1] For purposes of this Paragraph, "business days' shall mean days on which all of JP Morgan Chase, Chase Bank, and the offices of Malca-Amit are open for business.

4
40805104v4

motion on notice to all interested parties, including the Defendants, with the opportunity for such parties to object. Any proposed disposition of the Precious Stones is subject to the Bankruptcy Court's approval.

8. Immediately upon entry of this Order, the Defendants shall serve a copy by electronic mail and USPS International Registered Mail upon the other Restrained Parties, including any party that may be in possession of one or more of the Four Stones or have control over their disposition. The Defendants must use reasonable efforts to determine all such persons or entities who or that may qualify as Other Restrained Parties and obtain their contact information, and must use reasonable efforts to facilitate the Other Restrained Parties' compliance with this Order.

9. When serving this Order by electronic mail, the word "URGENT" must appear in the subject line, the transmittal shall request a read receipt confirmation, and the cover email shall inform the recipient that he/she/it must comply with the Order. The cover email shall also request a response from the recipient confirming that the recipient has read and understands the Order. The Defendants shall file proof of service of the Order to the case docket no later than one (1) business day following such service.

10. This Order shall be immediately effective and enforceable upon its entry. The Plaintiff is authorized to take all reasonable actions that are reasonably necessary to effectuate the relief granted herein.

40805104v4

11. This Court shall retain exclusive jurisdiction to hear and decide any disputes related to or arising from the implementation, interpretation, and enforcement of this Order.

**SO ORDERED:**

Dated: New York, New York
      December 19, 2019

<u>/S/ Shelley C. Chapman</u>
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE