**Hearing Date and Time: November 12, 2020 at 11:00 a.m.**
**Objection Deadline: November 5, 2020 at 5:00 p.m.**

WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Alan Nisselson, Interim Chapter 7 Trustee*
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Attorneys appearing:  Leslie S. Barr (lbarr@windelsmarx.com)
                     Karen Cullen (kcullen@windelsmarx.com)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re                                                        :
                                                             :   Chapter 7
THE D&M CAPITAL GROUP, LLC,                                  :
                                                             :   Case No. 19-11711-scc
                        Debtor.                              :
                                                             :
------------------------------------------------------------ x

**NOTICE OF HEARING ON TRUSTEE'S MOTION FOR ENTRY OF ORDER
(A) AUTHORIZING TRUSTEE TO REJECT DEBTOR'S UNEXPIRED PREPETITION
NONRESIDENTIAL REAL PROPERTY SUBSUBLEASE AS OF SEPTEMBER 22, 2020;
(B) FIXING DEADLINE FOR FILING REJECTION DAMAGES CLAIMS; AND
(C) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on **November 12, 2020 at 11:00 a.m., prevailing Eastern time**, or as soon thereafter as counsel may be heard, a hearing (the "*Hearing*") will be held before The Honorable Shelley C. Chapman, United States Bankruptcy Judge, in her Courtroom at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, to consider the motion ("*Motion*") of Alan Nisselson (the "*Trustee*"), trustee for the above-captioned chapter 7 Debtor, by his counsel, Windels Marx Lane & Mittendorf, LLP ("*Windels Marx*"), for an order (a) authorizing the rejection of an unexpired prepetition sublease of non-residential real property (the "*Sublease*"), located at 592 Fifth Avenue, 5th Floor, New York, New York 10036 (the "*Premises*"), under which the Debtor is subtenant and the parties listed in the Sublease and on Exhibit "B" attached

{11856889:2}

to the Motion are the sublandlord and landlord, effective as of September 22, 2020, as more fully set forth in the Motion, (b) fixing a deadline by which proofs of claim for rejection damages must be filed, and (c) granting such other and further relief as is just.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted telephonically pursuant to General Order M-543 of the Bankruptcy Court, and Bankruptcy Judge Chapman's Chambers Rules, both of which may be found on the Bankruptcy Court's website at www.nysb.uscourts.gov. Parties wishing to participate in the Hearing telephonically must register with Court Solutions. Information on how to register with Court Solutions can be found in General Order M-543.

**PLEASE TAKE FURTHER NOTICE** that the Motion with exhibits is available for viewing on the Internet through Court's official website: www.nysb.uscourts.gov (the "**Court's Website**"), or upon request to the undersigned or the Clerk of the Court. A Pacer password is required to access documents on the Court's Website.

**PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion** must be in writing, conform to the Bankruptcy Code, the Bankruptcy Rules and the Court's Local Rules, be electronically filed with the Bankruptcy Court in accordance with General Order No. M-399, which, along with the User's Manual for the Electronic Case Filing System, can be found at the Court's Website, and be served so as to be **received by no later than November 5, 2020 at 5:00 p.m., prevailing Eastern time** (the "*Objection Deadline*") by: (i) the Bankruptcy Judge (a hard copy clearly marked "Chambers Copy" must be delivered to the Court to the attention of Chambers of The Honorable Shelley C. Chapman), (ii) Windels Marx Lane & Mittendorf, LLP, 156 West 56th Street, New York, New York 10019, Attn. Leslie S. Barr, Esq., and (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Greg Zipes, Esq.

{11856889:2}    2

**PLEASE TAKE FURTHER NOTICE** that only those responses that are timely filed, served, and received by the Objection Deadline will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Trustee without further notice. Parties who timely file responses or objections are required to attend the Hearing and failure to attend in person or by counsel may result in relief being granted or denied upon default. The Hearing may be adjourned from time to time without any further notice except for an announcement at the Hearing.

Dated: New York, New York  WINDELS MARX LANE & MITTENDORF, LLP
October 20, 2020  *Attorneys for Alan Nisselson, Chapter 7 Trustee*

By: */s/ Leslie S. Barr*
Leslie S. Barr (lbarr@windelsmarx.com)
156 West 56th Street
New York, New York 10019
Tel. (212) 237-1000 / Fax. (212) 262-1215

**Hearing Date and Time: November 12, 2020 at 11:00 a.m.**
**Objection Deadline: November 5, 2020 at 5:00 p.m.**

WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Alan Nisselson, Chapter 7 Trustee*
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Attorneys appearing:  Leslie S. Barr (lbarr@windelsmarx.com)
                    Karen Cullen (kcullen@windelsmarx.com)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re                                     :
                                          :   Chapter 7
THE D&M CAPITAL GROUP, LLC,               :
                                          :   Case No. 19-11711-scc
              Debtor.                     :
                                          :
------------------------------------------------------------ x

**TRUSTEE'S MOTION FOR ENTRY OF ORDER (A) AUTHORIZING TRUSTEE TO REJECT DEBTOR'S UNEXPIRED PREPETITION NONRESIDENTIAL REAL PROPERTY SUBSUBLEASE AS OF SEPTEMBER 22, 2020; (B) FIXING DEADLINE FOR FILING REJECTION DAMAGES CLAIMS; AND (C) GRANTING RELATED RELIEF**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE**:**

Alan Nisselson (the "*Trustee*"), trustee of the bankruptcy estate of The D&M Capital Group, LLC (the "*Debtor*"), by his attorneys, Windels Marx Lane & Mittendorf, LLP, respectfully files this motion (the "*Motion*") for an order (a) authorizing the rejection of the Debtor's unexpired prepetition sublease of non-residential real property (the "*Sublease*"), a copy of which is attached as **Exhibit "A"**, located at 592 Fifth Avenue, 5th Floor, New York, NY 10036 (the "*Premises*"), under which the Debtor is subtenant and the parties listed in the Sublease and the attached **Exhibit "B"** are the sublandlord and landlord (respectively, the

{11856888:2}

"*Sublandlord*" and "*Landlord*")¹, effective as of the Rejection Date (defined below), (b) fixing a deadline for Sublandlord and Landlord to file proofs of claim for rejection damages, and (c) granting such other and further relief is just, and in support, the Trustee respectfully represents the following:

### A.    Jurisdiction and Venue

1. This Court has jurisdiction over this Motion and any hearings or orders entered pursuant thereto under sections 157(a) and 1334 of title 28 of the United States Code ("*Title 28*") and the Amended Standing Order of Reference of the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.).  Venue of this proceeding and the Motion in this District is proper under sections 1408 and 1409 of Title 28.  The statutory bases for the relief requested herein are sections 105, 365(a), 501, 502(b)(6), 503(a), and 554(a) of title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "*Bankruptcy Code*"), Rules 3002(c)(4), 6006, and 9014 of the Federal Rules of Bankruptcy Procedure ("*Bankruptcy Rules*"), and Local Bankruptcy Rules 6006-1(a) and 9006-1(b).  This is a "core proceeding" under sections 157(b)(2)(A) and (O) of Title 28.

### B.    Background

2. On May 28, 2019 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. By order dated August 11, 2020 (the "*Conversion Date*"), this Court converted the Debtor's case to a case under chapter 7 of the Bankruptcy Code.  Doc. No. 96.

---

¹ Exhibit "B" provides a summary description of the essential terms of the Sublease. Although the Sublease reflects a monthly rent of $9,653.00, the Debtor is being charged current monthly rent for the Premises in the amount of $11,672.54.  *See* February 2020 Invoice for Rent, attached as **Exhibit "C"**. The Trustee reserves all rights and defenses regarding any claims arising out of the rejection of the Sublease.

{11856888:2}                                2

4. By Order dated August 11, 2020, the United States Trustee appointed the Trustee as interim trustee of the Debtor's Estate pursuant to Bankruptcy Code 701(a). The Trustee has since become permanent Trustee.

5. The Debtor was formed in 2006 and specialized in buying and selling high-end jewelry and precious gems. Debtor also entered participation arrangements with other entities for the purchase and sale of certain jewelry and gems. The Debtor ceased business operations on or before the Conversion Date.

### C.    Requested Relief and Reasons Therefore

6. The Subleased Premises comprise one office located in New York City from which the Debtor operated its business. Based upon the Trustee's review of the terms of the Sublease, and the lack of a continuing business justification to retain the Debtor's business Premises after the cessation of operations, the Sublease has no value to the Estate. In the exercise of the Trustee's business judgment, the Sublease should be rejected.

7. Accordingly, by this Motion, the Trustee seeks authority to reject the Sublease effective as of September 22, 2020, the date the Trustee vacated and surrendered the Premises to the Debtor's Sublandlord and Landlord (the "***Rejection Date***"). On the Rejection Date, the Debtor and the Trustee delivered the keys and surrendered possession of the Premises to the Sublandlord and Landlord. The Trustee sent a letter of surrender dated September 23, 2020 to the Sublandlord and Landlord, a copy of which is attached as **Exhibit "D"**.

8. Bankruptcy Code § 365(a) authorizes the Trustee to reject the Sublease. It provides in pertinent part:

> (a)…the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

11 U.S.C. § 365(a).

9. Courts have uniformly deferred to the business judgment of the trustee to determine whether the rejection of an unexpired lease or executory contract is appropriate under Bankruptcy Code § 365(a). *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984); *Group of Institutional Investors v. Chicago M. St. P. Company*, 318 U.S. 523, reh'g. denied, 318 U.S. 803 (1943); *Orion Pictures Corp. v. Showtime Networks, Inc.*, 4 F.3d 1095, 1099 (2d Cir. 1993); *In re Taylor*, 913 F.2d 102 (3rd Cir. 1990); *Sharon Steel Corp. v. National Field Gas Distrs. Corp.*, 872 F.2d 36 (3rd Cir. 1989); *Lubrizol Enters. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 4046-47 (4th Cir. 1985); *Control Data Corp. v. Zelman*, 602 F.2d 38, 42-43 (2d Cir. 1979) (business judgment rule applied under § 413(1) of the Bankruptcy Act). To the extent that sound business reasons justify the rejection of a particular unexpired lease or executory contract, rejection should be approved.

10. As the Debtor and the Trustee have already vacated and surrendered the Premises, there is no business justification for keeping the Sublease in place unless doing so can provide an economic benefit to the Estate and its creditors. The Trustee does not believe the Sublease provides any such economic benefit.

11. As stated above and reflected in the Sublease and on Exhibit "B", the Sublease has no economic value because it will expire shortly, on December 30, 2020.

12. Second, maintaining the Sublease serves no business purpose. Because the Debtor ceased operating, and the Trustee surrendered the Premises, the Trustee does not require the use of the Subleased Premises.

13. After careful analysis, and in the exercise of his business judgment, the Trustee has determined and respectfully submits that rejection of the Sublease is in the best interests of the Debtor, creditors, and the Estate, and the Trustee should be authorized to reject the Sublease.

14. The Trustee further requests that the Sublease be deemed to have been rejected as of the Rejection Date, i.e., the date on which the Trustee and the Debtor vacated the Premises, as shown above and reflected on Exhibit "D". Service of this Motion and the letter attached as Exhibit "D" has provided notice of the Rejection Date to the Sublandlord and Landlord. In addition, upon entry of an Order authorizing the rejection of the Sublease as of the Rejection Date, the Trustee will provide notice of the Rejection Date to the Sublandlord and Landlord.

### D.    Request to Fix Deadline to File Proofs of Claim for Rejection Damages

15. The Trustee requests that pursuant to Bankruptcy Rule 3002(c)(4), the Court set a final date for the filing of proofs of claim for damages, if any, arising from the rejection of the Sublease ("***Sublease Rejection Claims Bar Date***"). The Trustee requests that the Sublease Rejection Claims Bar Date be fixed as 60 days after the date the Court enters an order authorizing the rejection of the Sublease. After entry of an order granting this Motion, the Trustee will notify the Sublandlord and the Landlord of the Sublease Rejection Claims Bar Date and the Rejection Date of the Sublease. The Trustee respectfully requests that for any claim or request of the Sublandlord or Landlord for payment of administrative expenses not filed within such time period, the Sublandlord and Landlord be forever barred from asserting any claim or request against the Debtor or its Estate resulting from the rejection. The Trustee reserves any and all rights to object to any claim filed.

### E.    Notice and No Prior Application

16. Notice of this Motion has been given to the following parties, or, in lieu thereof, to their counsel, if known: (a) the Debtor, (b) the Sublandlord, the Landlord, and their respective attorneys, (c) the Office of the United States Trustee, and (d) all entities having filed a notice of appearance and demand for notice. The Trustee submits that the foregoing constitutes good and

sufficient notice and that no other or further notice need be given.

17. The Trustee has not previously made any request for the relief sought herein to this or to any other Court.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order substantially in the form attached as **Exhibit "E"** granting the relief requested in this Motion, and grant such other and further relief as is just and proper.

Dated: New York, New York  
October 20, 2020

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP  
*Attorneys for Alan Nisselson, Interim Chapter 7 Trustee*

By: */s/ Leslie S. Barr*  
Leslie S. Barr (lbarr@windelsmarx.com)  
Karen Cullen (kcullen@windelsmarx.com)  
156 West 56th Street  
New York, New York 10019  
Tel. (212) 237-1000 / Fax. (212) 262-1215

## List of Exhibits

| | |
|---|---|
| Exhibit A | Sublease |
| Exhibit B | Chart summarizing essential terms of Sublease |
| Exhibit C | February 2020 Invoice for Rent |
| Exhibit D | Surrender letter |
| Exhibit E | Proposed Order |