Platzer, Swergold, Levine,
Goldberg, Katz & Jaslow, LLP
*Attorneys for Nominal Defendant Ultimate Diamond Co.*
475 Park Avenue South, 18th Floor
New York, New York 10016
Scott K. Levine, Esq.
Andrew S. Muller, Esq.
(212) 593-3000
slevine@platzerlaw.com
amuller@platzerlaw.com

Our File No. 9768-1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

THE D&M CAPITAL GROUP, LLC,

                       Debtor.

Chapter 11

Case No. 19-11711 (SHL)

---

**LIMITED OBJECTION OF ULTIMATE DIAMOND TO TRUSTEE'S
MOTION FOR ENTRY OF ORDER: (A) AUTHORIZING TRUSTEE TO
REJECT DEBTOR'S UNEXPIRED PREPETITION NONRESIDENTIAL
REAL PROPERTY SUBSUBLEASE AS OF SEPTEMBER 22, 2020;
(B) FIXING DEADLINE FOR FILING REJECTION DAMAGES CLAIMS;
AND (C) GRANTING RELATED RELIEF**

Shanghai Pearls & Gems, Inc. d/b/a Ultimate Diamond Co. ("Ultimate Diamond"), by its

undersigned counsel, as and for its Limited Objection to the Motion of Alan Nisselson, Chapter 7

Trustee (the "Trustee") of the estate of The D&M Capital Group, LLC, debtor herein (the

"Debtor"), for an order: (a) authorizing the rejection of an unexpired prepetition sublease of non-

residential real property (the "Sublease"), located at 592 Fifth Avenue, 5th Floor, New York, New

York 10036 (the "Premises"), under which the Debtor is subtenant and Ultimate Diamond and

UOB Realty (USA) Limited Partnership ("UOB") are, respectively, the sublandlord and landlord,

effective as of September 22, 2020; (b) fixing a deadline by which proofs of claim for rejection

damages must be filed, and (c) granting such other and further relief as is just (the "Motion"), sets

forth as follows:

**Limited Objection**

1.      Ultimate Diamond objects to the Motion only to the extent that the Trustee seeks to make the effective date of the rejection September 22, 2020, the date the Trustee asserts he vacated the Premises.  Ultimate submits the effective date of the rejection must be October 12, 2020, which is the date the Trustee's abandonment of the Debtor's personal property located at the Premises became effective, because prior to that date Ultimate (nor UOB for that matter) was not able to freely occupy and use the Premises, and it was only after October 12, 2020, that the Trustee and the Debtor's estate were truly out of the Premises.

**Basis and Reason for Limited Objection**

2.      By the Motion, the Trustee seeks authority to reject the Sublease effective as of September 22, 2020.

3.      However, three days later, by Notice of Abandonment dated September 25, 2020, the Trustee gave notice of his intention to abandon the estate's interest in the Debtor's personal property – personal property that was present _in the Premises_.  The abandonment was to be effective, absent the filing on any objections thereto, as of October 12, 2020 at 12:00 p.m.  The abandonment notice clearly indicates the Trustee was abandoning "all of the Debtor's office property, including a Megasafe Treasury Millennium safe, furniture, televisions, kitchen equipment, and office equipment and supplies (defined by the Trustee as the "Property") at the Debtor's premises located at 592 Fifth Ave., 5th Floor, New York, NY 10036" (a/k/a the Premises). A copy of the Trustee's Notice of Abandonment is annexed hereto as **Exhibit "A"**.

4.      Accordingly, prior to October 12, 2020 at 12:00 noon, the Trustee and the Debtor's estate still maintained occupancy of the Premises and possession of personal property therein, which no one – neither Ultimate, nor the Debtor, nor UOB – could freely use, move or dispose of until after the effective date of the abandonment.

5.     For this reason, Ultimate submits that the actual effective date of the Trustee's vacatur of the Premises should be deemed October 12, 2020, and not September 22, 2020 as sought in the Motion.

**WHEREFORE**, Ultimate respectfully requests that, in the event the Court grants the Trustee's Motion to reject the Sublease, it do so effective as of October 12, 2020, and grant such other and further relief as is just and proper.

Dated: New York, New York
           December 7, 2020

                                 Platzer, Swergold, Levine,
                                 Goldberg, Katz & Jaslow, LLP
                                 *Attorneys for Shanghai Pearls & Gems, Inc. d/b/a
                                 Ultimate Diamond Co.*

                                 By: */s/ Andrew S. Muller*
                                       Andrew S. Muller, Esq.
                                       475 Park Avenue South, 18th Floor
                                       New York, NY 10016
                                       Tel.: (212) 593-3000
                                       amuller@platzerlaw.com

# EXHIBIT "A"

WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Alan Nisselson, Chapter 7 Trustee*
156 West 56th Street
New York, New York 10019
Alan Nisselson (anisselson@windelsmarx.com)
Tel. (212) 237-1000 / Fax. (212) 262-1215

Objections Due: October 9, 2020 at 5:00 p.m.
Hearing on Objections, if any:  TBD

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

The D&M CAPITAL GROUP, LLC,

               Debtor.

Chapter 7

Case No. 19-11711-scc

**TRUSTEE'S NOTICE OF ABANDONMENT PURSUANT TO BANKRUPTCY CODE §
554, FEDERAL RULE OF BANKRUPTCY PROCEDURE 6007(a) AND LOCAL
BANKRUPTCY RULE 6007-1 OF DEBTOR'S OFFICE FURNITURE, FIXTURES,
EQUIPMENT, AND SUPPLIES**

      **PLEASE TAKE NOTICE** that, on  October 12, 2020 at 12:00 p.m., Alan Nisselson (the

"**Trustee**"), trustee of the chapter 7 estate (the "**Estate**") of The D&M Capital Group, LLC (the

"**Debtor**") proposes pursuant to 11 U.S.C. § 554, Rule 6007(a) of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 6007-1 of the Local Bankruptcy

Rules (the "**Local Rules**") of the United States Bankruptcy Court for the Southern District of

New York (the "**Bankruptcy Court**"), to abandon (the "**Abandonment**") all of the Debtor's

office property, including a Megasafe Treasury Millennium safe,  furniture, televisions, kitchen

equipment, and office equipment and supplies (the "**Property**") at the Debtor's premises located

at 592 Fifth Ave., 5th Floor, New York, NY 10036.  Maltz Auctions, Inc. inspected the Property

and advised the Trustee that the Property does not have sufficient value to warrant conducting a

sale. The Estate continues to incur administrative expenses because the Property remains at the

premises.  Accordingly, the Trustee has determined that the Property is of inconsequential value

and burdensome to the Estate.

      **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Abandonment

must be in writing, conform to the Bankruptcy Rules and the Local Rules, and be filed in

accordance with General Order M-399 and the electronic filing procedures for  Bankruptcy

Court which are available at the Court's website: www.nysb.uscourts.gov; and (a) be delivered to

the Chambers of The Honorable Shelley C. Chapman,  United States Bankruptcy Judge, and (b)

served by first-class mail so as to be received no later than **October 9, 2020 by 5:00 p.m**. (the "**Objection Date**") by: (i) the Bankruptcy Court, (ii) the Trustee, Alan Nisselson, Windels Marx Lane & Mittendorf, LLP, 156 West 56th Street, New York, New York 10019; (iii) Aurora Cassirer, Troutman Pepper, Attorney for the Debtor, 875 Third Avenue, New York, NY 10022; and (iv) the Office of the United States Trustee, Southern District of New York, 201 Varick St., Room 1006, New York, New York 10014, Attn: Greg Zipes, Esq.

      **PLEASE TAKE FURTHER NOTICE** that, if any objections to the Abandonment are filed and served as set forth above, a hearing (the "**Hearing**") will scheduled to be held before The Honorable Shelley C. Chapman, United States Bankruptcy Judge, in her Courtroom at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004.  The Trustee will advise the objecting party of the Hearing date and time.

      **PLEASE TAKE FURTHER NOTICE** that pursuant to General Order M-543, available on the Court's website at www.nysb.uscourts.gov/news/general-order-m-543-court-operations-under-exigent-circumstances-created-covid-19, the Court is not holding in-person hearings at this time; any scheduled Hearing **will be conducted telephonically** pending further order of the Court.

      **PLEASE TAKE FURTHER NOTICE** that pursuant to Bankruptcy Rule 6007(a), the Abandonment shall be deemed authorized unless an objection is filed by the Objection Date.

Dated: New York, New York        WINDELS MARX LANE & MITTENDORF, LLP
      September 25, 2020      *Attorneys for Alan Nisselson, Chapter 7 Trustee*

      By:    */s/ Alan Nisselson*
          Alan Nisselson (anisselson@windelsmarx.com)
          156 West 56th Street
          New York, New York 10019
          Tel. (212) 237-1000 / Fax. (212) 262-1215