UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

In re                                              :

                                                   :  <u>Chapter 7</u>

THE D&M CAPITAL GROUP, LLC,                         :

                                                   :  Case No. 19-11711-scc

                              Debtor.               :

                                                   :

---------------------------------------------------------- x

**ORDER (A) AUTHORIZING TRUSTEE TO SELL AT ONLINE PUBLIC AUCTION
PERSONAL PROPERTY, CONSISTING OF JEWELRY AND PRECIOUS GEMS,
FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES; (B)
APPROVING CONSENT PROCEDURES FOR CO-OWNERS; (C) APPROVING
TERMS AND CONDITIONS FOR ONLINE PUBLIC AUCTION SALE; (D)
AUTHORIZING THE PAYMENT OF A BREAK-UP FEE AND OVERBID
PROTECTION FOR POTENTIAL 'STALKING HORSE' BIDDERS; (E) SETTING
DATES FOR AUCTION AND SALE APPROVAL HEARING, AND APPROVING THE
<u>FORM AND MANNER OF NOTICE; AND (F) GRANTING RELATED RELIEF</u>**

Upon the motion dated December 29, 2020 ("***Motion***")[1] of Alan Nisselson ("***Trustee***"),

trustee for the chapter 7 estate of The D&M Capital Group, LLC ("***Debtor***"), by his attorneys,

Windels Marx Lane & Mittendorf, LLP ("***Windels Marx***"), for entry of an order (this "***Sale***

***Procedures Order***") (a) authorizing the Trustee to sell at online public auction ("***Auction***") the

jewelry and precious gems listed on Exhibit B attached to the Motion ("***Jewelry***"), (b) approving

consent procedures for co-owners, (c) approving proposed Terms and Conditions of Sale

attached as **<u>Exhibit "A"</u>**, (d) authorizing the payment of a break-up fee and overbid protection

for potential qualified 'stalking horse' bidders, (e) setting related auction and sale approval

hearing dates and approving the form and manner of notice, and (f) granting other related relief;

And the Trustee having caused service of the Motion and/or notice thereof to be filed

with the Court and served upon Debtor's counsel of record, all known creditors and parties in

interest listed by the Debtor in this case, all known holders of participation interests in the

Jewelry, any person who filed a notice of appearance and demand for service in this case or a

---

[1] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

proof of claim, the Office of the U.S. Trustee, and anyone who has expressed an interest in acquiring the Jewelry and their counsel, to the extent that their contact information is known or available (collectively, the "***Notice Parties***"), as evidenced by the Affidavit of Service on file with the Court, which notice constitutes due and sufficient notice of the Motion and the Sales Procedures Hearing (as defined below) under the circumstances of this case;

And no objection to the Motion having been filed or served other than the Response dated January 27, 2021 of Gemcut USA ("***Gemcut***");

And a hearing to consider the Motion having been scheduled for February 3, 2021 (the "***Sale Procedures Hearing***"); and a Certificate of No Objection Pursuant to Local Rule 9075-2 regarding the Motion having been filed on February 2, 2021 (Dkt. No. 172), and the Hearing having been cancelled;

And upon all of the proceedings had before the Court, and the representations made in connection with the Motion; and the Court having determined on the record of this case that the relief sought in the Motion should be granted as set forth below; and good and sufficient cause appearing therefore, and after due deliberation;

**IT IS HEREBY FOUND AND DETERMINED** that:

A.    The Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference of the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C § 157(b). Venue of this case and proceeding is proper in this district pursuant to 28 U.S.C §§ 1408 and 1409. The relief sought in this Motion is based upon sections 105(a) and 363(b)(1), (f), and (m) of title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "***Bankruptcy Code***"), Rules 2002, 6004, 9006(c), and 9007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), Rule 6004-1(a) of the Local Rules for the United States Bankruptcy Court

2

for the Southern District of New York (the "*Local Rules*"), and the Court's General Order M-383 signed on November 18, 2009 titled *In the Matter of the Adoption of Amended Guidelines for the Conduct of Asset Sales*.

B.      For the reasons set forth in the Motion, the Jewelry should be liquidated promptly in order to maximize their value for the Debtor's estate.

C.      Notice of the Motion, the Sale Procedures Hearing, and all proceedings thereon, as evidenced by the affidavit of service thereof filed with the Court, was proper and appropriate under the circumstances.

D.      The Terms and Conditions of Sale in the form attached to the Motion as Exhibit C, are fair, reasonable, and appropriate and are designed to maximize the value of the Jewelry for the Estate.

E.      The Trustee has demonstrated a compelling and sound business justification for authorization to (i) conduct an online public auction sale of the Jewelry, and (ii) seek to establish a minimum bidding price for the one or more items of Jewelry by paying a break-up fee (the "*Break-Up Fee*") and fixing a minimum overbid amount to ensure there will be sufficient funds to pay the Breakup Fee and benefit the Estate.  The Break-Up Fee and minimum overbid requested in the Motion are fair and reasonable and provide a benefit to the Debtor's Estate.

F.      The Trustee's payment of the Break-Up Fee is (a) an actual and necessary cost of preserving the Debtor's estate, within the meaning of Bankruptcy Code § 503(b), (b) of substantial benefit to the Debtor's estate and all parties in interest herein, (c) reasonable and appropriate, and (d) a material inducement for, and condition necessary to help ensure a minimal purchase price and competitive bidding at the auction sale.

**NOW THEREFORE, based upon the Motion, the foregoing findings and conclusions, and upon the record of this case, it is hereby ORDERED that:**

3

1.      The Motion is granted as set forth below.

2.      Objections, if any, to the relief requested in the Motion with respect to the Terms and Conditions of Sale that have not been withdrawn, waived, or otherwise settled, are hereby overruled on their merits.

3.      The Terms and Conditions of Sale are hereby approved, and fully incorporated into this Sale Procedures Order, and shall apply with respect to the proposed sale of the Jewelry contemplated by the Motion.  The Trustee is authorized to take any and all actions necessary or appropriate to implement the Terms and Conditions of Sale.

4.      The Consent Procedure for Co-Owners are hereby approved, and fully incorporated into this Sales Procedure Order.  Holders of participation interests in one or more items of Jewelry shall be deemed to have consented to the auction and sale of each item of Jewelry in which they hold a participation interest unless the co-owner files a written objection to the auction and sale of each such item of Jewelry, stating in detail the reasons therefor with respect to each such item of Jewelry.  The Trustee will pay to Gemcut from the net sale proceeds of the assets in which Gemcut holds an ownership interest Gemcut's shares of such interests without delay after the Closing.

5.      The Trustee's proposed sale of the Jewelry under the Terms and Conditions of Sale meets the requirements of the Bankruptcy Code and the standards for approval of asset sales under the applicable rules and Administrative Order No. M-383 of this Court, *Amended Guidelines for the Conduct of Asset Sales*.

6.      The Trustee is authorized to conduct the Auction.  The Trustee, by his auctioneer Maltz Auctions, Inc., d/b/a Maltz Auctions, shall conduct the Auction on **April 14, 2021 at 11:00 a.m., prevailing Eastern Time** (the "*Sale Date*") by online bidding on the two bidding platforms identified in the Terms and Conditions of Sale.  Online bidders must be registered and

confirmed pursuant to the procedures set forth on the Terms and Conditions.  The Trustee shall inform all registered and confirmed online bidders of his determinations of the highest or best Bid(s) and successful bidder(s) ("***Successful Bidder(s)***") for the Jewelry at the Auction.  The Trustee is authorized, subject to the terms of this Sale Procedures Order, to take all actions necessary, in his discretion, to conduct and implement such Auction.

7.    The Trustee, in his sole and reasonable discretion, may (i) select, in his business judgment, pursuant to the Terms and Conditions of Sale, the highest or otherwise best offer(s) and the Successful Bidder(s), and (ii) reject any bid that, in the Trustee's business judgment, is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules or the Terms and Conditions of Sale, or (c) contrary to the best interests of the Debtor's Estate.

8.    The failure to specifically include or reference any particular provision, section or article of the Terms and Conditions of Sale in this Sale Procedures Order shall not diminish or impair the effectiveness of such procedures, it being the intent of this Court that the Terms and Conditions of Sale be authorized and approved in their entirety.

9.    The Trustee may in his sole discretion select registered and confirmed online bidders in advance of the Auction who have made bids for one or more items of Jewelry to receive the Break-Up Fee in accordance with the terms and conditions of this Sale Procedures Order (each, a "***Stalking Horse Bidder***").  The Trustee shall immediately before commencement of the Auction identify the Stalking Horse Bidder to all registered and confirmed online bidders attending the Auction, and announce the terms and conditions of the Break-Up Fee and minimum overbid, as follows: If a transaction with a different bidder who has made a higher or better bid at the Auction that is approved by the Bankruptcy Court is consummated, the Trustee, in such event, shall pay to the disappointed Stalking Horse Bidder a Break-Up Fee in an amount

up to a maximum of three percent (3%) of its initial offer.  Such payment shall come only from the proceeds of the sale to the Successful Bidder, who will be required to make an initial minimum overbid in an amount up to 105% of the initial stalking horse bid to ensure there will be sufficient funds to pay the Breakup Fee and benefit the Estate.  The Break-Up Fee, once earned in accordance with the terms of this Sale Procedures Order, shall be (a) an administrative expense in the Debtor's chapter 7 case pursuant to sections 503(b), 507(a)(1) and 507(b) of the Bankruptcy Code until paid to the Stalking Horse Bidder, and (b) payable solely from the proceeds of the sale of the Jewelry and not from any other assets of the estate.

10.     On **April 20, 2021 at 10:00 a.m. prevailing Eastern time**, the Court will hold a hearing (the "***Sale Approval Hearing***") in Courtroom 623 at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, to consider entry of an order pursuant to Bankruptcy Code § 363 approving the sale. The Sale Approval Hearing will be conducted telephonically pursuant to General Order M-543 of the Bankruptcy Court, and Bankruptcy Judge Chapman's Chambers Rules, both of which may be found on the Bankruptcy Court's website at www.nysb.uscourts.gov.   Parties wishing to participate in the Hearing telephonically must register with Court Solutions.  Information on how to register with Court Solutions can be found in General Order M-543.

11.     Objections, if any, to the sale must be in writing, stating in detail the reasons therefor, and filed on the docket of this case utilizing the Bankruptcy Court's Electronic Case Filing system (for which a PACER password is required), with copies delivered to Bankruptcy Judge Chapman's Chambers (a hard copy clearly marked "Chambers Copy" must be delivered to the Court to the attention of Chambers of The Honorable Shelley C. Chapman) and served upon: (i) Windels Marx Lane & Mittendorf, LLP, counsel for the Trustee, 156 West 56th Street, New York, New York 10019, Attn: Alan Nisselson, Esq. (anisselson@windelsmarx.com) and Leslie

S. Barr, Esq. (lbarr@windelsmarx.com); and (ii) Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Greg Zipes, Esq., so that they are **filed and actually received by all of them not later than 5:00 p.m. April 16, 2021, prevailing Eastern time**.

12.    The Trustee is authorized and empowered to act or cause such actions to be taken as may be necessary to implement and effect the terms and requirements established under this Sale Procedures Order.

13.    This Sale Procedures Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

14.    The Notice of Auction and Sale Approval Hearing attached as Exhibit D to the Motion is hereby approved, and within three business days after entry of this Sale Procedures Order, the Trustee shall cause the Notice of Auction and Sale Approval Hearing to be served by mail, facsimile, or electronic mail on the Notice Parties.

15.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Sale Procedures Order.

Dated: New York, New York
        February 2, 2021                    /S/ Shelley C. Chapman
                                            United States Bankruptcy Judge

**EXHIBIT A**

**TERMS AND CONDITIONS OF SALE**



Maltz Auctions, Inc. d/b/a Maltz Auctions | (t) 516.349.7022 |(f) 516.349.0105 |
(e) RemoteBidding@MaltzAuctions.com

ONLINE BIDDING REGISTRATION – ONLINE-ONLY AUCTION

---

**ALL PERSONAL INFORMATION ON THIS FORM MUST MATCH YOUR ONLINE BIDDING PROFILE**

Bidder Name: _____

Company Name (if applicable):_____    Title: _____

Phone Number:_____ Email Address: _____

Mailing Address: _____

Auction Date: _____    Subject Description: D&M Auction

Deposit: You must submit a deposit prior to bidding. Checks must be made payable to "**Maltz Auctions, Inc.**"

| Deposit | Buying Power | | Deposit | Buying Power | | Deposit | Buying Power |
|---------|--------------|---|---------|--------------|---|---------|--------------|
| $500 | $2,000 | | $10,000 | $40,000 | | $40,000 | $160,000 |
| $1,000 | $4,000 | | $15,000 | $60,000 | | $45,000 | $180,000 |
| $2,000 | $8,000 | | $20,000 | $80,000 | | $50,000 | $200,000 |
| $3,000 | $12,000 | | $25,000 | $100,000 | | $55,000 | $220,000 |
| $4,000 | $16,000 | | $30,000 | $120,000 | | $60,000 | $240,000 |
| $5,000 | $20,000 | | $35,000 | $140,000 | | $65,000 | $260,000 |
| *Alternate Amount or Buying Power in Excess of $260,000* | | | $ | | | *Buying Power:* | $ |

(Mark one with an "X"):  Cashier's Check __ Bank Wire __ (Reference "D&M" & Bidder/Company Name)

Wire Reference # / Check Number: _____

How did you hear about this auction: _____

---

You Must Submit the Following at Least 24 Hours Prior to the Scheduled Auction:

#1) ONLINE BIDDING REGISTRATION & TERMS AND CONDITIONS: Signed and returned.

#2) BID DEPOSIT: Pre-auction deposit via Cashier's Check, Cash, Postal Money Order or by Wire Transfer

## TERMS AND CONDITIONS OF SALE

PURSUANT TO SECTIONS 363(b) and (f) AND 704(a) OF TITLE 11, UNITED STATES CODE, FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004, AND THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, THE BANKRUPTCY TRUSTEE FOR THE D&M CAPITAL GROUP, LLC SHALL SELL PERSONAL PROPERTY, CONSISTING OF JEWELRY AND PRECIOUS GEMS, AT ONLINE PUBLIC AUCTION SALE ON APRIL 14, 2021 AT 11:00 A.M., PREVAILING EASTERN TIME.[1]

1.  On May 28, 2019, The D&M Capital Group, LLC ("D&M" or the "Debtor"), filed a voluntary petition for relief under the under chapter 11 of title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), Case Number 19-11711-scc.  On August 11, 2020 the case was converted to a case under Chapter 7 of the Bankruptcy Code.

2.  Alan Nisselson (the "Trustee") is the duly appointed Chapter 7 Trustee of the Debtor's estate.  The Trustee is represented by Windels Marx Lane & Mittendorf, LLP, Tel. (212) 237-1000.

3.  These Terms and Conditions of Sale are promulgated in connection with the online-only public auction (the "Public Auction") of certain personal property (collectively the "Assets") of The D&M Capital Group, LLC.  The seller of the Assets is the Trustee.  The Trustee retained Maltz Auctions, Inc., d/b/a Maltz Auctions (the "Auctioneer" or "Maltz") to conduct the Public Auction.

4.  The Public Auction will occur on April 14, 2021 at 11:00 a.m. (the "Sale Date") via online-only bidding.  Online bidding will be made available for pre-registered bidders via Maltz's online bidding App available for download in the App Store or on Google play, and via desktop bidding at RemoteBidding.MaltzAuctions.com.

5.  Descriptions and pictures of the Assets in this Public Auction will be posted on www.MaltzAuctions.com and www.RemoteBidding.MaltzAuctions.com 30 days before the Public Auction.   Assets in this Public Auction are available for inspection via confirmed appointment only at Maltz's offices located at 39 Windsor Place, Central Islip, New York 11722 (the "Premises").

6.  To participate in the Public Auction, all online bidders must be registered and confirmed by 4:00 p.m. on April 13, 2021.  To register, prospective bidders must: (i) sign and submit the Online Bidding Registration and the Online Terms & Conditions of Sale; and (ii) remit a Deposit to Maltz by cashier's check, postal money order, cash, or wire transfer as set forth in section 6 below.  Upon receipt of an executed Online Bidding Registration and Online

---

[1] Any TBD addresses, dates, times, and other information in these Terms and Conditions of Sale will posted on the website of  Maltz Auctions, Inc., d/b/a Maltz Auctions (www.maltzauctions.com) not less than 30 days before the scheduled date of the Public Auction.

{11871035:6}

Terms & Conditions of Sale, and receipt of a bid Deposit, a bid approval email will be sent to bidder. Only the person named in the Online Bidding Registration as the bidder will be authorized to bid at the Public Auction. Online bidding is accepted at the Trustee's sole discretion.

7.   All bidders must remit to Maltz at the address in section 9 below, by cashier's check, postal money order, cash, or wire transfer, a bid deposit (the "Deposit"). The amount of the Deposit will determine the maximum bid that a bidder may make at the Public Auction: the Deposit will constitute 25% of the maximum amount a bidder may spend ("Purchasing Power"). Bidders shall have Purchasing Power equal to 400% of the amount they deposit (as an example, a bidder who remits a $50,000 Deposit will have up to $200,000 of Purchasing Power at the Public Auction).

8.   The Assets are being sold "AS IS" "WHERE IS", "WITH ALL FAULTS", without any representations, covenants, guarantees, or warranties of any kind or nature whatsoever, except for title. By delivering their respective Deposits, all bidders acknowledge that they have had the opportunity to review and inspect the Assets, the state of title thereof and laws, rules, and regulations applicable thereto, and will rely solely thereon and on their own independent investigations and inspections of the Assets in making their bids. All bidders acknowledge that they have conducted their own due diligence in connection with the Assets and are not relying on any information provided by the Trustee, Auctioneer, or their respective professionals.

9.   Each bidder making the highest or best offer for one or more Assets ("Successful Bidder") must pay the balance of the Purchase Price via wire transfer, or postal money order, cashier's check, or cash made payable to "Maltz Auctions, Inc.", delivered or processed between the hours of 9:00 a.m. and 3:00 p.m. by Maltz at the Premises (its offices, 39 Windsor Place, Central Islip, New York 11722), on April 21, 2021 through April 23, 2021. Payment is required to be made in full within three business days after Trustee or Maltz have given notice to the Successful Bidder of the entry of a Court order approving the sale (the "Payment Deadline"). That deadline may be extended for another seven days if the Successful Purchaser pays an additional deposit equal to 10% of the Purchase Price.

10.  With respect to any Assets sold at Public Auction that are co-owned by Debtor and other vendors, the Trustee shall pay co-owner(s) their share of the net sale proceeds (Purchase Price minus auction expenses and Maltz's commission, if any) ("Net Sale Proceeds") for said Assets within fourteen (14) days after the Trustee receives the Net Sales Proceeds from Maltz.

11.  Removal of all Assets from the Premises will be conducted via confirmed appointment only between the hours of 9:00 a.m. and 3:00 p.m. commencing on April 21, 2021 and concluding on April 23, 2021 (the "Removal Deadline").

12.  All Assets purchased are required to be removed by the Successful Bidder at his/her/its own cost, risk and expense from the Premises by the Removal Deadline. Neither the Auctioneer nor the Trustee shall have any responsibility for any item left on the Premises after payment

has been made and the applicable Removal Deadline has passed.  Any Assets left at the Premises after the Removal Deadline shall be deemed property of the D&M estate free and clear of any claims of the Successful Bidder, and the Trustee shall be authorized to sell or otherwise dispose of such Assets without further order of the Court.

13.    Successful Bidders will be authorized to remove Assets purchased only after Maltz has received full payment of the Purchase Price.  If Maltz does not receive full payment by the Payment Deadline, the Successful Bidder will forfeit its Deposit to the Trustee for the benefit of the D&M estate.

14.    In the event of any disputed bid, Maltz reserves the right to immediately put up for sale such item(s) that is/are the subject of such dispute.

15.    Maltz and the Trustee reserve the right to sell the Assets in bulk, consecutive lot number order, or in any order they deem advisable or other methods as deemed appropriate by Maltz and the Trustee.

16.    The Trustee reserves the right to withdraw any of the Assets from sale at any time before the Public Auction in his sole discretion.

17.    The sale sheets and records of sale as set forth by Maltz must be accepted as final by all buyers.

18.    In the event that a Successful Bidder fails to comply with the terms of final payment and removal as provided for herein, Maltz reserves the right to resell the items concerned, without any notice whatsoever to the Successful Bidder concerned.  The Deposits will be forfeited to the Trustee for the benefit of the D&M estate, and any such Successful Bidder will remain liable for any deficiency, as well as the costs and expenses incurred by such resale.

19.    No allowances or adjustments of any kind will be made.

20.    The Trustee and Maltz will not bound by any actions or statements made by any other person other than themselves.

21.    All Assets are sold subject to confirmation by the Trustee in his sole discretion.

22.    All unsuccessful Bidder deposits will be processed for a refund within 48 business hours following the conclusion of the Public Auction.

23.    Applicable sales tax will be collected unless any such Successful Bidder supplies a valid resale certificate by the Payment Deadline.  A Successful Bidder's failure to remit all applicable sales tax will constitute a default under these Terms and Conditions of Sale and will result in forfeiture of the Deposit to the Trustee for the benefit of the D&M estate.

24.    IRS regulations require Maltz to report all cash payments exceeding $10,000.00 from any one individual.

25. These Terms and Conditions of Sale are incorporated by reference at the beginning of the Auction Sale. By making a bid for the Assets, all bidders will be deemed to have acknowledged having read these Terms and Conditions of Sale and having agreed to be bound by them.

26. There will be no refunds, substitutions or exchanges of Deposits and all sales are final.

27. Bid rigging is illegal, and suspected violations will be reported to the Department of Justice for investigation and prosecution. Any determination that a Successful Bidder, second bidder, or any competing bidder has engaged in bid rigging will result in the forfeiture of the Deposit to the Trustee for the benefit of the D&M estate.

28. All disputes related to the Terms and Conditions of Sale and the Public Auction of the Assets shall be determined solely by the Trustee. The submission of a bid shall constitute the bidder's express consent to the discretion of the Trustee for all matters related to the foregoing.

29. Any action or suit of any kind must be commenced against Maltz within six (6) months from the date of the Public Auction or it will be forever barred.

30. The Bankruptcy Court shall determine any disputes concerning the Auction Sales of the Assets. By participating in the Auction Sale, all Bidders consent to the exclusive jurisdiction of the Bankruptcy Court to determine such disputes in the Debtor's pending case.

31. The Trustee, Maltz, and their respective representatives and affiliates disclaim all warranties, expressed or implied, concerning the Asset(s), including the warranties of merchantability or fitness for any particular purpose(s). Buyer represents that the amounts bid for any Asset(s) are based solely on the buyer's own independent inspection and evaluation of said Asset(s). As a material inducement to this agreement: (1) Buyer has undertaken to make his or her own examination of any Asset(s) before bidding; and (2) assumes all risk of any non-conformities in any Asset(s). Buyer further acknowledges that he or she has not relied upon any assumptions regarding the Trustee's or Maltz's knowledge concerning the Asset(s) nor upon any representations by the Trustee, Maltz, or their respective representatives, agents, and attorneys, including without limitation any representations as to condition, year or age, serial or identification number, make, model, equipment, genuineness or authenticity, originality, previous use or ownership, manufacturing or restoration processes of any Asset(s), or any component of any Asset(s).

32. If any provision of these Terms and Conditions of Sale is invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions of these Terms and Conditions of Sale shall not in any way be affected or impaired thereby.

33. These Terms and Conditions of Sale may be signed in counterparts and by PDF/electronic signatures, which when taken together, shall be deemed one indivisible original document.

34. Pursuant to Rule 6004-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, no appraiser, auctioneer or officer, director, stockholder, agent, employee, or insider of any appraiser or auctioneer, or relative of any of the foregoing, shall purchase, directly or indirectly, or have a financial interest in the purchase of, any property of the estate that the appraiser or auctioneer has been employed to appraise or sell.

35. Descriptions in the auction catalog and/or bidding platforms are for reference only and must be independently verified. Most of the descriptions are provided by third parties. There are no representations or guarantees regarding the accuracy of the descriptions. All weights listed are believed to be accurate (but are not guaranteed) and all weights include stones or any other component attached to the piece(s) described. No allowances or adjustments of any kind will be made for any reason whatsoever.

36. Nothing contained in these Terms and Conditions of Sale is intended to supersede or alter any provisions of the Bankruptcy Code or otherwise interfere with the jurisdiction of the Bankruptcy Court. All of the terms and conditions set forth in these Terms and Conditions of Sale are subject to modification as may be directed by the Trustee or by the Bankruptcy Court. The Trustee reserves the right to modify these Terms and Conditions of Sale at the Auction Sale or thereafter to maintain consistency with the provisions of the Bankruptcy Code and/or prior orders of the Bankruptcy Court.

37. If the Trustee is unable to deliver any Asset in accordance with these Terms and Conditions of Sale for any reason whatsoever, the Trustee's and Maltz' only obligation will be to refund the Deposit, without interest, to the Successful Bidder, and upon such refund, the Successful Bidder will have no claim or recourse against the Trustee, Maltz, the Debtor, or their professionals, and shall have no further rights under these Terms and Conditions of Sale or Memorandum of Sale.

38. The Auction Sale of any Asset is subject to confirmation by the Trustee. Trustee or Maltz shall notify the Successful Bidders whether the Auction Sale is confirmed.

## BIDDER REPRESENTATIONS

- I am over 18 years old.
- I have reviewed and agree to the Online Terms and Conditions of Sale.
- Any bid for any of the Assets is based solely on my own independent inspection and evaluation. As a material inducement to this agreement: (1) I have undertaken to make my own examination before bidding; and (2) I assume all risk of any non-conformities.
- I acknowledge that the Trustee, Maltz Auctions, their respective representatives, agents, and attorneys, or any other parties acting on the Trustee's behalf, have not made and cannot make any representations or warranties of any kind concerning the Assets including, without limitation, any representations as to condition, year or age, weight, size, material, serial or identification number, make, model, equipment, genuineness or authenticity, originality, previous use or ownership, manufacturing or restoration processes.
- I agree to accept the auction sheets and records of sale as set forth by Maltz Auctions as final.
- I waive any potential conflict of interest and hereby relieve the Trustee and his professionals, including but not limited to Maltz Auctions and Attorneys, of all liability, shall hold harmless and shall indemnify all parties against any action, arbitration, award, claim, cost, damage, deficiency, demand, expense, injury, judgment, liability, loss, or suit of every kind, including attorneys' fees and costs of defense, asserted by anyone as a result of, or in relation to, the Public Sale [Public Auction], this document, the transaction contemplated, or any related dealings.

I have read the foregoing and agree to be bound.

Dated: _____

Signature: _____ Print Name: _____

Company Name (If applicable):_____ Title: _____

Signature must be notarized, or a copy of Bidder's driver's license must be included with this document.

State of _____, County of _____

The foregoing instrument was sworn and acknowledged before me on the _____ day of _____2021,

by: _____, who is personally known or has produced a driver's license as identification.

[Notary Seal]                                 Notary Signature:_____

                                              Print Name: _____
                                              Commission Expires: _____

{11871035:6}                                              6

SUCCESSFUL BIDDER ATTORNEY INFORMATION

Name        _____
Address     _____
Phone       _____
Email       _____