UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

THE D&M CAPITAL GROUP, LLC,

                     Debtor.

Chapter 7

Case No. 19-11711-scc

**STIPULATION AND ORDER: (A) AUTHORIZING TRUSTEE TO REJECT DEBTOR'S UNEXPIRED PREPETITION NONRESIDENTIAL REAL PROPERTY SUBSUBLEASE; (B) FIXING DEADLINE FOR FILING REJECTION DAMAGES CLAIMS; AND (C) GRANTING RELATED RELIEF**

      **WHEREAS**, on October 20, 2020, Alan Nisselson, the Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of The D&M Capital Group, LLC (the "Debtor"), filed a Motion for an Order: (a) authorizing the rejection of an unexpired prepetition sublease of non-residential real property (the "Sublease"), located at 592 Fifth Avenue, 5th Floor, New York, New York 10036 (the "Premises"), under which the Debtor is subtenant and Shanghai Pearls & Gems, Inc. d/b/a Ultimate Diamond Co. ("Ultimate Diamond") and UOB Realty (USA) Limited Partnership ("UOB") are, respectively, the sublandlord and landlord, effective as of September 22, 2020; (b) fixing a deadline by which proofs of claim for rejection damages must be filed, and (c) granting such other and further relief as is just (the "Motion"); and

      **WHEREAS**, on December 7, 2020, Ultimate Diamond filed a Limited Objection to the relief sought by the Trustee in the Motion (the "Limited Objection"); and

      **WHEREAS**, the Trustee and Ultimate Diamond have discussed the issues raised by the Motion and the Limited Objection, and have agreed to resolve the Motion and the Limited Objection upon the following terms and conditions.

{11894237:1}

**NOW, THEREFORE, IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED BY THE UNDERSIGNED EXECUTING PARTIES, BY THEIR RESPECTIVE COUNSEL, EACH OF WHICH ARE DULY AUTHORIZED TO ENTER INTO THIS STIPULATED ORDER, AND ORDERED BY THE COURT**, that the Sublease is deemed rejected upon the following terms and conditions:

1. Pursuant to 11 U.S.C. § 365(a), the Sublease is hereby rejected as of October 2, 2020.

2. Pursuant to 11 U.S.C. §§ 502(b)(6) and 503(a), and Federal Rules of Bankruptcy Procedure 3002(c)(4), 6006, and 9007, any proofs of claim for damages arising from the rejection of the Sublease must be filed within sixty (60) days of the entry of this Order ("Sublease Rejection Claims Bar Date"), and any claims resulting from the rejection of the Sublease or requests not so filed shall be forever barred from participating in the Debtor's chapter 7 cases and receiving any dividend or distribution thereon.

3. The Trustee shall promptly provide notice of the Sublease Rejection Claims Bar Date by serving the Sublandlord and Landlord with notice of entry of this Order, as well as providing the Sublandlord and Landlord with notice of the Rejection Date of the Sublease.

4. This Order is without prejudice to any claims or defenses the Trustee may have regarding any such claims or requests, all of which are expressly preserved and not waived.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

STIPULATED AND AGREED TO:

| | |
|---|---|
| Windels Marx Lane & Mittendorf, LLP<br>*Attorneys for Alan Nisselson, Chapter 7 Trustee*<br><br>By: */s/ Leslie S. Barr*<br>　　Leslie S. Barr, Esq.<br>　　156 West 56th Street<br>　　New York, New York 10019<br>　　(212) 237-1000<br>　　lbarr@windelsmarx.com | Platzer, Swergold, Levine,<br>　Goldberg, Katz & Jaslow, LLP<br>*Attorneys for Shanghai Pearls & Gems, Inc. d/b/a Ultimate Diamond Co.*<br><br>By: */s/ Andrew S. Muller*<br>　　Andrew S. Muller, Esq.<br>　　475 Park Avenue South, 18th Floor<br>　　New York, New York 10016<br>　　(212) 593-3000<br>　　amuller@platzerlaw.com |

Dated: New York, New York
　　　　February 16, 2021

　　　　　　　　　　　　　　　　　　　　/S/ Shelley C. Chapman
　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge