**Hearing date and time: March 10, 2021 at 11:00 a.m. (Eastern Time)**

WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Alan Nisselson, Chapter 7 Trustee*
156 West 56th Street
New York, New York 10019
Tel. (212) 237-1000 / Fax. (212) 262-1215
Attorney appearing:   Leslie S. Barr (lbarr@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>THE D&M CAPITAL GROUP, LLC,<br><br>          Debtor. | Chapter 7<br><br>Case No. 19-11711-scc |

**TRUSTEE'S OMNIBUS REPLY TO OBJECTIONS TO TRUSTEE'S MOTION PURSUANT TO 11 U.S.C. § 105(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(a) FOR AN ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN TRUSTEE AND RADWAN DIAMOND & JEWELLERY TRADING**

**TO THE HONORABLE SHELLEY C. CHAPMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Alan Nisselson (the "*Trustee*"), trustee for the chapter 7 estate (the "*Estate*") of The D&M Capital Group, LLC (the "*Debtor*" or "*D&M*"), by and through his attorneys, Windels Marx Lane & Mittendorf, LLP, for his reply to the Objections filed to his motion (the "*Motion*") for the entry of an Order approving the Trustee's Settlement Agreement with Radwan Diamond & Jewellery Trading ("*Radwan*"), respectfully represents the following.

**Procedural Background**

1.      On February 5, 2021, the Trustee filed the Motion (Doc. 177) for approval of his Settlement Agreement with Radwan.  The Settlement Agreement is the product of substantial negotiation between the parties and resolves Radwan's motion for relief from the automatic stay (Doc. 106) ("*Radwan Motion*"),[1] and settles competing claims asserted by Radwan and the Trustee against one another for jewelry in the possession of Radwan and the Trustee.  If the

---
[1] Capitalized terms used but not defined shall have the meanings given them in the Motion.

{11900600:3}

Court approves the Settlement Agreement, Radwan's proof of claim for $4,103,250.00 will be expunged and the Estate will retain the inventory listed at Exhibit B to the Motion free of Radwan's interests. It should be noted that the jewelry held by the Trustee is presently scheduled for a Court-approved auction on April 14, 2021. Radwan will in turn retain the inventory listed at Exhibit A to the Motion free of the Estate's interests.

2. On March 3, 2021, Shanghai Pearls & Gems, Inc. d/b/a Ultimate Diamond Co. ("*Ultimate*"), filed an Objection to the Motion (Doc. 182) (the "*Ultimate Objection*"). In essence, Ultimate argues that in its opinion, the value of the inventory to be retained by Radwan far exceeds the value of the inventory to be retained by the Estate, and therefore appraisals are required to determine whether the proposed settlement meets the lowest point in the range of reasonableness test for approval of settlements under Bankruptcy Rule 9019.

3. Also on March 3, 2021, Global Gems, Inc., Olga Misimiskaya, and Moty Spector filed Joinders with the Ultimate Objection (respectively, Docs. 184, 185, and 186).

### Trustee's Reply

4. Ultimate's Objection (and the other objections by their Joinders) vastly overstates the value of the Radwan Inventory to be retained by Radwan by wrongly including the Kashmir Sapphire (Item JR0182) and the Pink Diamond (Item DM2950), two items as to which Radwan is in fact <u>surrendering</u> any interest. The Settlement Agreement specifically provides at paragraph 3(b): "Radwan shall (i) release to the Trustee, for the benefit of the Estate, and otherwise extinguish, all of its right, title, and interest in and to all In-House Inventory <u>along with the Kashmir Sapphire and the Pink Diamond</u>…". (Emphasis added). By incorrectly including the Kashmir Sapphire and Pink Diamond with the Radwan Inventory, which artificially boosts the purported value of that inventory by millions of dollars, Ultimate vastly exaggerates the value of the assets the Estate is giving up and disregards a benefit of the settlement to the Estate.

{11900600:3}  2

Ultimate ascribes values of $2.2 million to the Pink Diamond ($720,000 for the Estate's participation value), and $4.8 million to the Kashmir Sapphire ($1,600,000 for the Estate's participation value). *See*, Paragraph 15 of the Ultimate Objection. Radwan specifically leaves these items for the Estate. Thus, after correcting Ultimate's mistake[2], the balance of the inventory valuation between Radwan and the Estate – assuming arguendo Ultimate's valuation figures are accurate - swings well in the Estate's favor.

5. The Ultimate Objection also overlooks several other important factors that the Trustee considered in exercising his business judgment concerning the Settlement Agreement. First, it resolves a substantial dispute as to whether Radwan has a right of setoff. While the Trustee is confident that his view of the law of setoff is correct and he will prevail on the merits because Radwan does not have a right of setoff under the circumstances of this case, it is quite possible the Court will disagree with the Trustee's interpretation of this law. Furthermore, the Court might find there are issues of fact that require discovery, additional pleadings or a hearing. This of course will increase administrative expenses, thereby diminishing any distribution to creditors, and require the Trustee to litigate issues even though the Estate presently has no money.

6. Second, absent a settlement, the Trustee would have to successfully oppose the Radwan Motion and then seek and obtain a judgment against Radwan for turnover of the Radwan Inventory. That effort will require an additional expenditure of money, time and resources in the Bankruptcy Court. And any judgment the Trustee might obtain against Radwan for turnover would have to be enforced abroad. Radwan has asserted that the Items under its possession or control are located in Dubai, United Arab Emirates and in the Kingdom of Saudi Arabia. In addition, Radwan's counsel has stated to the Trustee, and the Trustee has no reason to

---

[2] To be fair, Ultimate inexplicably contradicts itself by acknowledging in paragraph 19 of the Ultimate Objection that Radwan's interests in the Kashmir Sapphire and Pink Diamond will be extinguished.

dispute such assertion, that under UAE law, the Trustee may very well be required to commence a new action in the UAE in order to enforce a judgment of this Court to obtain possession of the jewelry held by Radwan. The Trustee would have to retain local counsel there, without any assurance of success. Needless to say, that effort would also be costly and time consuming.

7. Third, Ultimate gives short shrift to the waiver and disallowance of Radwan's claim under the Settlement Agreement. The Trustee has reviewed this claim and found it to have substantial merit. Radwan's claim of $4.1 million plus represents about 13% of the total amount of filed claims. Waiver of this claim constitutes a substantial improvement to any potential distribution to holders of allowed claims.

8. And fourth, the paramount interests of creditors are better served by approval of the Settlement Agreement. As of this date, there is no money in this Estate. The Trustee is simply unable to pay for the appraisals demanded by Ultimate and the other objectors, or to pay any legal fees and expenses that would be required to first litigate with Radwan to obtain a judgment of turnover, and then to recover those assets from the Middle East. On the other hand, approval of the Settlement Agreement will leave the Estate with the ability to sell the In-House Inventory (listed on Schedule B) at auction free of Radwan's interests for the benefit of creditors.

9. Another benefit of the Settlement Agreement is that the Estate will obtain Radwan's interests in the high value Kashmir Sapphire and the Pink Diamond for the remote possibility that they might be recovered. The Settlement Agreement also resolves any issues regarding the Debtor's potential mishandling of those items in which Radwan had an interest.

10. The Ultimate Objection contains numerous opinions that Radwan deliberately undervalued the inventory to reap a windfall at the Estate's expense. *See*, e.g., Ultimate Objection at paras. 14, 16, 17, and 18. Ultimate does not provide any basis for asserting that

Radwan deliberately understated its valuations, or any basis for its estimated higher valuation opinions.

11.   Lastly, the Trustee notes that he has demanded that Ultimate turnover an itemized list of jewelry, loose stones, and mountings that D&M consigned to Ultimate "on memo". To date, Ultimate has not responded to the Trustee's demand and the Trustee intends to file an adversary proceeding shortly against Ultimate for turnover if his demand is not promptly resolved.

**WHEREFORE**, the Trustee respectfully requests that the Court overrule the Ultimate Objection and the Joinder objections, grant the Motion and approve the Settlement Agreement, and grant such other and further relief as may be just and proper.

Dated: New York, New York
March 5, 2021

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Alan Nisselson, Chapter 7 Trustee*

By:   */s/ Leslie S. Barr*
Leslie S. Barr (lbarr@windelsmarx.com)
156 West 56th Street
New York, New York 10019
Tel. (212) 237-1000 / Fax. (212) 262-1215

{11900600:3}                                    5