UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>THE D&M CAPITAL GROUP, LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 19-11711-scc |

**ORDER PURSUANT TO 11 U.S.C. § 105(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(a) APPROVING SETTLEMENT AGREEMENT BETWEEN TRUSTEE AND RADWAN DIAMOND & JEWELLERY TRADING**

Upon the motion (Doc. 177) (the "*Motion*")[1] of Alan Nisselson, trustee for the chapter 7 estate of The D&M Capital Group, LLC, seeking entry of an order, pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.,* and Rule 9019 of the Federal Rules of Bankruptcy Procedure, for the entry of an Order approving the Trustee's Settlement Agreement attached as Exhibit 1 to the Motion with Radwan Diamond & Jewellery Trading ("*Radwan*"); and it appearing that due and sufficient notice has been given to all parties in interest as required by the applicable Federal Rules of Bankruptcy Procedure, as evidenced by the Affidavit of Service filed with the Court (Doc. 177); and objections to the Motion having been filed on March 3, 2021 by Shanghai Pearls & Gems, Inc. d/b/a Ultimate Diamond Co. (Doc. 182), Global Gems, Inc. (Doc. 184), Olga Misimiskaya (Doc. 185), and Moty Spector (Doc. 186) (collectively, the "**Objections**"); and the Trustee having filed and served an Omnibus Reply to the Objections (Doc. 189) ("**Reply**"); and the Motion having come on for a hearing before the Court on March 10, 2021 (the "**Hearing**"); and the Trustee having appeared at the Hearing by his attorneys, Windels Marx Lane & Mittendorf, LLP, Leslie S. Barr, Esq., of counsel; and Radwan having appeared at the Hearing by its attorneys, King & Spalding LLP, Sarah Primrose, Esq. and Mark Maloney, Esq., of counsel; and Ultimate Diamond Co. having appeared at the Hearing by its attorneys, Platzer, Swergold, Levine, Goldberg, Katz & Jaslow,

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

LLP, Andrew S. Muller, Esq., of counsel; and Global Gems having appeared at the hearing by its attorneys, McGrail & Bensinger LLP, Ilana Volkov, Esq., of counsel, and Jones Walker LLP, John W. Mills, Esq., of counsel; and Olga Misimiskaya having appeared at the Hearing by her attorneys, Klestadt Winters Jureller Southard & Stevens, LLP, Tracy L. Klestadt, Esq., of counsel; and Moty Spector having appeared at the Hearing by his attorneys, Medina Law Firm, LLC, Eric S. Medina, Esq., of counsel; and the Court having considered the Motion, the Declaration of Alan Nisselson in support of the Motion, the Objections, and the Reply; and the Court having found the relief sought in the Motion is appropriate and the Settlement Agreement is reasonable and in the best interests of the estate and creditors, and for all of the reasons stated by the Court on the record of the Hearing; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation; and sufficient cause appearing therefor;

    **IT IS HEREBY ORDERED THAT:**

    1.    The Motion is granted in its entirety and the Settlement Agreement is hereby approved and authorized.

    2.    The Objections are overruled for the reasons stated on the record of the Hearing.

    3.    The automatic stay under 11 U.S.C. § 362(a) is hereby modified to permit the Trustee and Radwan to perform their respective obligations under the Settlement Agreement.

    4.    The 14 day stay under Bankruptcy Rule 6004(h), Bankruptcy Rule 4001(a)(1), or any other applicable rule, is hereby waived.

5. This Court retains jurisdiction to interpret and enforce this Order.

Dated: New York, New York
March 12, 2021

/S/ Shelley C. Chapman
United States Bankruptcy Judge