Platzer, Swergold,
Goldberg, Katz & Jaslow, LLP
*Attorneys for Shanghai Pearls & Gems, Inc. d/b/a*
*Ultimate Diamond Co.*
475 Park Avenue South, 18th Floor
New York, New York 10016
Henry G. Swergold, Esq.
Andrew S. Muller, Esq.
(212) 593-3000
hswergold@platzerlaw.com
amuller@platzerlaw.com

File No. 9768-1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

THE D&M CAPITAL GROUP, LLC,

Debtor.

Chapter 7

Case No. 19-11711 (SCC)

**STATEMENT OF ISSUES AND DESIGNATION OF ITEMS TO BE
INCLUDED IN THE RECORD ON APPEAL**

Shanghai Pearls & Gems, Inc. d/b/a Ultimate Diamond Co. ("Appellant") hereby provides, pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, the following statement of issues and designation of the items to be included in the record in connection with the Appellant's Notice of Appeal [Dkt #200]. As set forth in the Notice of Appeal, Appellant appeals from the *Order Pursuant to 11 U.S.C. § 105(a) and Federal Rules of Bankruptcy Procedure 9019(a) Approving Settlement Agreement Between Trustee and Radwan Diamond & Jewellery Trading* [Dkt #195] (the "Order"), entered on March 12, 2021.

**STATEMENT OF ISSUES ON APPEAL**

1.  The Bankruptcy Court erred in approving the settlement (the "Radwan Settlement") between the Trustee and creditor Radwan Diamond and Jewellery Trading ("Radwan") when no objective and empiric valuations of the various subject inventories were on the record before the Bankruptcy Court.

2. The Bankruptcy Court erred in approving the Radwan Settlement when it included in its analysis of the benefits of the Radwan Settlement, amounts that may potentially be received by the Debtor's estate as a result of a separate contested settlement (the "Essex Settlement") with creditors Essex Global Trading, LLC and Aleks Paul (together, "Essex"), which settlement was not yet considered and approved by the Bankruptcy Court.

3. The Bankruptcy Court erred in approving the Radwan Settlement without requiring Radwan to produce certain inventory for appraisal and valuation despite the fact that Radwan admitted that it retained dominion and control over such inventory, albeit overseas.

4. The Bankruptcy Court erred in including in its analysis of the Radwan Settlement, the amounts which would be received by the Debtor's estate in the event that the Essex Settlement is approved, without requiring Essex to either produce the inventory in its possession for appraisal and valuation or provide admissible evidence that such inventory was beyond its direct or indirect dominion and control.

5. The Bankruptcy Court erred when it prematurely approved the Radwan Settlement based on an analysis which included the anticipated results of the Essex Settlement despite the fact that the Essex Settlement has not yet been approved, or even considered by, the Bankruptcy Court.

6. The Bankruptcy Court erred and abused its discretion in limiting the full participation of Appellant's counsel at the hearing to approve the Radwan Settlement.

7. The Bankruptcy Court erred by accepting in its analysis the Trustee's subjective and previously undisclosed estimated valuations of the inventory in the possession of the Debtor's estate.

8. The Bankruptcy Court erred in accepting in its analysis a valuation of Radwan's interest in certain of the most valuable pieces of the inventory in Essex's possession, at their full

estimated value when in fact, the Trustee had already determined to accept the settlement in a liquidated amount which was substantially less than the value attributed to such pieces in the Radwan Settlement.

9. The Bankruptcy Court erred and abused its discretion in accepting in its analysis the trustee subjective, unsupported, and previously undisclosed valuations while simultaneously rejecting, and characterizing as "argument", substantiated valuations by Appellant who possessed relevant knowledge and experience.

10. The Bankruptcy Court erred in approving the Radwan Settlement despite the fact that it resulted in Radwan receiving a disproportionate return on its claim as compared to other similarly situated creditors.

## DESIGNATION OF RECORD ON APPEAL

Appellant hereby designates the following items to be included in the record of appeal which includes all exhibits, attachments, and addenda attached thereto and filed therewith and all documents incorporated by reference therein:

| Item | Filing Date | Docket No. |
|---|---|---|
| Notice of Motion of Radwan Diamond & Jewellery Trading to Lift the Automatic Stay to Allow Setoff of Mutual Prepetition Debts or Alternatively for Recoupment | 8/28/2020 | 106 |
| Response of Global Gems, Inc. to Motion of Radwan Diamond & Jewellery Trading to Lift the Automatic Stay to Allow Setoff of Mutual Prepetition Debts or Alternatively for Recoupment | 9/16/2020 | 118 |
| Opposition of Alan Nisselson, Chapter 7 Trustee of the Estate of The D&M Capital Group, LLC to Motion of Radwan Diamond & Jewellery Trading to Lift the Automatic Stay to Allow Setoff of Mutual Prepetition Debts or Alternatively for Recoupment | 10/27/2020 | 136 |
| Objection of Essex Global Trading LLC to Motion of Radwan Diamond & Jewellery Trading to Lift the Automatic Stay to Allow Setoff of Mutual Prepetition Debts or Alternatively for Recoupment | 10/28/2020 | 139 |

| | | |
|---|---|---|
| Response of Radwan Diamond & Jewellery Trading to Objections to Radwan's Motion to Lift the Automatic Stay to Allow Setoff of Mutual Prepetition Debts or Alternatively for Recoupment | 12/8/2020 | 155 |
| Trustee's Motion Pursuant to 11 U.S.C. § 105(a) and Federal Rules of Bankruptcy Procedure 9019(a) for an Order Approving Settlement Agreement Between Trustee and Radwan Diamond & Jewellery Trading | 2/5/2021 | 177 |
| Objection of Ultimate Diamond to Trustee's Motion Pursuant to 11 U.S.C. § 105(a) and Federal Rules of Bankruptcy Procedure 9019(a) for an Order Approving Settlement Agreement Between Trustee and Radwan Diamond & Jewellery Trading | 3/3/2021 | 182 |
| Notice of Essex Global Trading, LLC of Withdrawal of Objection | 3/3/2021 | 183 |
| Joinder of Global Gems, Inc. in Objection of Ultimate Diamond to Trustee's Motion Pursuant to 11 U.S.C. § 105(a) and Federal Rules of Bankruptcy Procedure 9019(a) for an Order Approving Settlement Agreement Between Trustee and Radwan Diamond & Jewellery Trading | 3/3/2021 | 184 |
| Joinder of Olga Misimiskaya to Objection of Ultimate Diamond to Trustee's Motion Pursuant to 11 U.S.C. § 105(a) and Federal Rules of Bankruptcy Procedure 9019(a) for an Order Approving Settlement Agreement Between Trustee and Radwan Diamond & Jewellery Trading | 3/3/2021 | 185 |
| Joinder of Moty Spector to Objection of Ultimate Diamond to Trustee's Motion Pursuant to 11 U.S.C. § 105(a) and Federal Rules of Bankruptcy Procedure 9019(a) for an Order Approving Settlement Agreement Between Trustee and Radwan Diamond & Jewellery Trading | 3/3/2021 | 186 |
| Trustee's Omnibus Reply to Objections to Trustee's Motion Pursuant to 11 U.S.C. § 105(a) and Federal Rules of Bankruptcy Procedure 9019(a) for an Order Approving Settlement Agreement Between Trustee and Radwan Diamond & Jewellery Trading | 3/5/2021 | 189 |
| Transcript of Hearing Held on 3/10/2021 | 3/29/2021 | 202 |
| Order Pursuant to Pursuant to 11 U.S.C. § 105(a) and Federal Rules of Bankruptcy Procedure 9019(a) for an Order Approving Settlement Agreement Between Trustee and Radwan Diamond & Jewellery Trading | 3/12/2021 | 195 |
| Notice of Appeal and Statement of Election | 3/26/2021 | 200 |

Dated: New York, New York
April 9, 2021

            Platzer, Swergold,
             Goldberg, Katz & Jaslow, LLP
            *Attorneys for Shanghai Pearls & Gems, Inc. d/b/a*
            *Ultimate Diamond Co.*

            By: */s/ Andrew S. Muller*
              Henry G. Swergold, Esq.
              Andrew S. Muller, Esq.
              475 Park Avenue South, 18th Floor
              New York, NY 10016
              Tel.: (212) 593-3000
              hswergold@platzerlaw.com
              amuller@platzerlaw.com